IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KALIM A.R. MUHAMMAD, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0690-WS-B |
| | ) |
| BRENDA BETHEL-MUHAMMAD, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    This is the pro se plaintiff's second federal lawsuit arising out of the same general background.  See *Muhammad v. Bethel*, Civil Action No. 10-0086-WS-B ("*Muhammad I*").  The first ended in dismissal without prejudice when the plaintiff proved unable or unwilling to comply with universally applicable pleading requirements despite several opportunities to do so and despite considerable judicial prodding and warning.  (*Id*., Doc. 20).  That dismissal was upheld by the Eleventh Circuit, (*id*., Doc. 26), leading to the present filing.

    The fourth and final iteration of the complaint in the first lawsuit ran 36 pages (and, with incorporations by reference, over 70).  (*Muhammad I*, Doc. 20 at 2).  The Court criticized and ultimately rejected the plaintiff's effort because it did not constitute a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief," as required by  Rule 8(a)(2).  (*Id*. at 3).  Nevertheless, the plaintiff has now filed a complaint in this lawsuit that consumes a staggering 100 pages and alleges an unimaginable 88 causes of action.  This filing patently and blatantly violates Rule 8(a)(2).

    It is true that a complaint must include sufficient "[f]actual allegations … to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But a complaint "does not need detailed factual allegations" to survive an initial attack on its sufficiency, only "enough facts to state a claim for relief that is

plausible on its face." *Id*. at 555, 570. *Twombly* thus does not justify the plaintiff's grossly excessive complaint.

At any rate, the bulk of the complaint is not comprised of factual allegations. Instead, the plaintiff continues his preference for long-winded assessments of the quality of the defendants and their (mostly undescribed) conduct. The Court has advised the plaintiff to avoid "character attacks" and "irrelevant ramblings," (*Muhammad I*, Doc. 20 at 5), but the complaint is long on both.

In its order dismissing the previous action, the Court advised the plaintiff to "clearly allege in brief numbered paragraphs necessary facts as to what each defendant did." (*Muhammad I*, Doc. 20 at 5). The plaintiff has not done so. It appears that some facts are sprinkled randomly throughout the complaint's 100 pages, but there is no consolidated set of key facts necessary to an understanding of the complaint and the causes of action asserted.[1] An introductory set of numbered paragraphs briefly setting forth – preferably in chronological order – the key facts and events that form the basis of the complaint would provide the Court and the parties factual background essential for comprehending and evaluating the plaintiff's legal claims.

The Court previously pointed out to the plaintiff the requirement of Rule 8(d)(1) that "[e]ach allegation [in the complaint] must be simple, concise, and direct." (*Muhammad I*, Doc. 10 at 2). Many of the complaint's paragraphs are long and rambling, and most contain superfluous commentary rendering it difficult if not impossible to discern whether the plaintiff has alleged the elements of a cause of action.[2]

---

[1] For example, it appears the plaintiff places great stock in some "private contract," apparently between himself and defendant Bethel, but he does not describe the relevant terms of the contract or explain how Bethel may have breached them or how other defendants may have trampled on them. As another example, he mentions an April 2010 report to the Dallas County Department of Human Resources, (Doc. 1 at 18), but he does not state what the report contained.

[2] As the plaintiff was advised in *Muhammad I*, "[a]t a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material (Continued)

The plaintiff's 88 claims include some that appear facially frivolous.[3]  Moreover, the plaintiff has pointlessly multiplied the number of counts by alleging each count against only one defendant even when more than one defendant is accused of the same wrongdoing.  Sometimes the plaintiff recognizes the redundancy,[4] and sometimes he does not.  Moreover, many of the counts assert a conspiracy (thereby implicating multiple defendants) even though the cause of action asserted is not grounded in conspiracy.  In addition, the complaint repeatedly re-starts its numbering of counts such that, for example, there are eight Count Ones.

The complaint's demand for relief runs a full 11 pages, most of it not a demand at all but repeated attempted explanations of why such relief should be awarded and redundant demands for the same relief already requested, with the excess verbiage making it difficult to discern just what relief is desired.  (Doc. 1 at 88-98).

A requirement that the plaintiff produce a more definite statement is appropriate when the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  The Court has authority to order such relief even when no defendant requests it.  *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996); *accord Holbrook v. Castle Key Insurance Co*., 405 Fed. Appx. 459, 460 (11th Cir. 2010).  Indeed, the Court is expected to do so in response to a shotgun pleading.  *E.g., Davis v. Coca-Cola Bottling Co*., 516 F.3d 955, 984 (11th Cir. 2008).  The monster the plaintiff has produced cries out for such relief.

---

elements necessary to sustain a recovery under some viable legal theory."  *Wilchombe v. TeeVee Toons, Inc*., 55 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

[3] For example, Count 25 against the Dallas County Department of Human Resources claims an actionable violation of the Federal Rules of Civil Procedure.  (Doc. 1 at 44).

[4] For example, Counts 5-10 against defendant Hatcher expressly incorporate the parallel counts against defendant Bethel.  (Doc. 1 at 50-52).

Accordingly, the plaintiff is **ordered** to file and serve, on or before **February 7, 2012**, an amended complaint satisfying the pleading requirements set forth herein and in the Court's orders entered in *Muhammad I*. Failure to do so will result in dismissal of this action without prejudice.

Any amended complaint the plaintiff chooses to file should accomplish at least the following: (1) eliminate the many editorializing comments[5] that now consume countless pages; (2) eliminate the gross redundancies found throughout the document; (3) provide at the outset no more than a few dozen *brief* numbered paragraphs setting forth in a coherent, organized fashion the most important facts underlying the plaintiff's claims;[6] (4) set forth in separate counts the various causes of action the plaintiff alleges, and for each: (a) expressly identify the defendant or defendants as to which the cause of action is asserted;[7] (b) list which numbered factual paragraphs apply to that claim;[8] and (c) assert expressly or inferentially the elements of each such cause of action; and (5) streamline his demand for relief. A complaint that exceeds 30 double-spaced pages will presumptively violate these requirements.

For the fourth time,[9] the Court reminds the plaintiff that all litigants, including those representing themselves, "shall be bound by and comply with all local rules of this

---

[5] Such as, for a brief example, references to "legal lynching." (Doc. 1 at 31).

[6] Such as, "On May 1, 2011, defendant X falsely stated to Y that the plaintiff owed her $Z," or, "On March 29, 1999, the plaintiff and defendant X entered a contract pursuant to which X agreed to do Q."

[7] For example, "The defendants under Count One are X, Y and Z." The amended complaint should not redundantly set forth the same cause of action multiple times simply because the cause of action is asserted against multiple defendants; the cause of action should be set forth once, listing the defendants as to which the claim is asserted.

[8] For example, "The plaintiff incorporates by reference paragraphs 1, 12 and 27 as if fully set forth herein."

[9] (*See Muhammad I,* Doc. 8 at 1 n.1, Doc. 10 at 3, Doc. 20 at 4).

Court, and the Federal Rules of Civil ... Procedure, unless otherwise excused from operation of the rules by court order." Local Rule 83.9(b).  Moreover, "both the Supreme Court and [the Eleventh Circuit] have concluded that a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005).  Likewise, "even in the case of pro se litigants ... a court [does not have] license to serve as de facto counsel for a party, [citation omitted], or to rewrite an otherwise deficient pleading in order to sustain an action ...." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).  The plaintiff's pro se status will not rescue his case from dismissal should he fail to comply with these requirements.

The plaintiff's request for recusal, (Doc. 1 at 6, 98), is **denied**.  The mere fact that the plaintiff appealed the dismissal of *Muhammad I* (and now apparently seeks writ of certiorari) does not, as he believes, create a "conflict of interest" for the Court.

The plaintiff's application for default, (Doc. 19), construed as a motion for entry of default, is **denied**.  The plaintiff will be required to serve his amended complaint on defendant Bethel in accordance with Rule 4.  *See* Fed. R. Civ. P. 5(a)(2).

The pending motions to dismiss, (Docs. 5, 12), are **denied as moot**, without prejudice to the movants' ability to file similar motions should the plaintiff file an amended complaint that withstands initial judicial scrutiny.

DONE and ORDERED this 24th day of January, 2012.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE