IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KALIM A.R. MUHAMMAD, etc., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 11-0690-WS-B |
| BRENDA BETHEL-MUHAMMAD, et al., | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's "application for default judgment on Equifax Credit Reporting Agency/Equifax Credit Union." (Doc. 68). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," it is subject to entry of default. Fed. R. Civ. P. 55(a). But a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." *Id*. Rule 12(a)(1)(A)(i); *accord Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered, … the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 at 14 (3rd ed. 1998). And when service of process is at issue, "it [i]s proper for the court rather than the clerk to consider [the plaintiff's] request" for entry of default. *Sandoval v. Bluegrass Regional Mental Health – Mental Retardation Board*, 2000 WL 1257040 at *5 (6th Cir. 2000).

The plaintiff first asserts that the defendant was served in July 2011, but in January 2012 the plaintiff represented to the Court that "[a]s of Dec 28 2011 only

[1]

Equifax & Experian has not been served summons & complaint." (Doc. 11 at 1). Nor has the plaintiff produced proof of service in 2011.[1]

Second, the plaintiff asserts that the defendant was served in January 2012, but his evidence does not reflect what was served on the defendant or how the mailing was addressed. (Doc. 56 at 13-15).

Third, the plaintiff asserts that the defendant was served on February 7-8, 2012, but he identifies no proof of such service.

Fourth, the plaintiff asserts that the defendant was served on February 27, 2012. The plaintiff has submitted a green card which reflects that one Jerry Ray signed for a certified mailing addressed to "Equifax Credit Union Equifax Credit Reporting" at an Atlanta post office box and listed as containing a notice to defendant, summons and complaint. (Doc. 69). This is the high water mark of the plaintiff's efforts to serve the defendant. As noted in a previous order, however, service by certified mail is effective only if made in compliance with Alabama law. When the defendant is "an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision." Ala. R. Civ. P. 4(i)(2)(B)(i).[2] "Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." *Id*. 4(i)(2)(C). Because the plaintiff did not direct the certified mailing to a specific person associated with the entity defendant, he did not obtain good service on the defendant.

---

[1] The plaintiff apparently is referring to a previous lawsuit, the dismissal of which has been upheld by the Eleventh Circuit.

[2] Such persons include "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6).

Although unmentioned by the defendant, the file reflects a fifth attempted service in March 2012. (Doc. 70). But this mailing was addressed to "Equifax Information Services, LLC," which is not the entity named in the amended complaint. Nor has the plaintiff shown that "CSC Lawyers Inc. SVC, Inc." (the second addressee listed on the green card) is the defendant's agent for service of process. Moreover, even if service was good it was accomplished only on March 13, 2012, so the time for responding to the amended complaint has not expired.

For the reasons set forth above, the plaintiff's application, construed as a motion, is **denied**.

DONE and ORDERED this 26th day of March, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE