IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KALIM A.R. MUHAMMAD, etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0690-WS-B |
| ) | |
| BRENDA BETHEL-MUHAMMAD, et al.,) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the plaintiff's "motion and application for default judgment on Brenda Bethel." (Doc. 66). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," it is subject to entry of default. Fed. R. Civ. P. 55(a). But a defendant is under no obligation to plead or otherwise defend until and unless it is "served with the summons and complaint." *Id*. Rule 12(a)(1)(A)(i); *accord Securities and Exchange Commission v. Wright*, 261 Fed. Appx. 259, 261 (11th Cir. 2008). Thus, "[b]efore a default can be entered, … the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 at 14 (3rd ed. 1998). And when service of process is at issue, "it [i]s proper for the court rather than the clerk to consider [the plaintiff's] request" for entry of default. *Sandoval v. Bluegrass Regional Mental Health – Mental Retardation Board*, 2000 WL 1257040 at *5 (6th Cir. 2000).

The plaintiff has filed a green card reflecting that Bethel signed for a certified mailing addressed to her. (Doc. 67). According to the plaintiff, this mailing included summons, the amended complaint, and waiver-of-service forms. (Doc. 66 at 4). The plaintiff has therefore established service of process on Bethel. However, the green card reflects receipt on March 13, 2012, such that the time for responding has not expired and

[1]

Bethel cannot be in default.  Accordingly, the plaintiff's motion is **denied,** without prejudice to his ability to seek default at an appropriate time.[1]

DONE and ORDERED this 26th day of March, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff also asserts personal service on Bethel, but the audio and video files he has submitted reflect that it was the plaintiff himself who delivered the papers to Bethel.  As the Court previously warned the plaintiff, (Doc. 63 at 2 n.1), service cannot be made by a party.  Fed. R. Civ. P. 4(c)(2); Ala. R. Civ. P. 4(i)(1)(B).

The plaintiff also offers the affidavit of a process server, (Doc. 74), but that document reflects that the process server merely left the papers "at the individual's dwelling house or usual place of abode in a reasonably conspicuous manner." (*Id*. at 1).  This does not constitute good service under either federal or Alabama law.  Fed. R. Civ. P. 4(e)(2); Ala. R. Civ. P. 4(c)(1).