**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **KALIM A.R. MUHAMMAD, etc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 11-0690-WS-B** |
| ) | |
| **BRENDA BETHEL-MUHAMMAD, et al.,**) | |
| ) | |
| **Defendants.** ) | |

### ORDER

This matter is before the Court on the plaintiff's "reiterated and recycled motion and application for default judgment on Brenda Bethel:  failure to answer court summons."  (Doc. 81).  As set forth in a previous order, (Doc. 76), the plaintiff has submitted a green card reflecting that, on March 13, 2012, Bethel signed for a certified mailing addressed to her.  (Doc. 67).  The plaintiff has represented that, included within the certified mailing were:  (1) summons; (2) the amended complaint; and (3) waiver-of-service forms.  (Doc. 66 at 4).

Had the plaintiff provided Bethel only the amended complaint and summons requiring her to respond within the 21 days provided by Rule 12(a)(1)(A)(i), the Court could find that Bethel is in default.  However, the plaintiff elected to serve Bethel with "waivers" as well as summons, (Doc. 66 at 3, 4), which triggers different time periods.

Under Rule 4(d)(3), a defendant who timely returns a waiver has 60 days to respond to the complaint.  Under Rule 4(d)(1)(F), the plaintiff informs the defendant how long (but no less than 30 days) the defendant has to return the waiver.  If the plaintiff filled out the forms by giving Bethel the minimum 30 days to return the waiver, then the Court could conclude that her ability to elect the extended response time afforded by Rule 4(d) has expired.  But the plaintiff has made no such showing.  Therefore, the Court

must assume that the plaintiff gave Bethel a longer time to return the waiver and cannot assume this time period has expired.

Under Rule 4(d)(3), a defendant properly invoking waiver has until 60 days after the waiver was sent to respond to the amended complaint.  The waiver was sent on March 12, 2012.  Therefore, regardless of how long the plaintiff gave Bethel to return the waiver, she must respond to the amended complaint on or before May 11, 2012.  After that date, she will be vulnerable to entry of default.[1]

For the reasons set forth above, the plaintiff's motion is **denied,** without prejudice to his ability to seek default at an appropriate time.

DONE and ORDERED this 24th day of April, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff also repeats arguments that Bethel has been personally served with process and has been served by process server.  (Doc. 81 at 2-3).  As the Court has already explained, (Doc. 76 at 2 n.1), these efforts at service were legally ineffective.