IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KALIM A.R. MUHAMMAD, etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0690-WS-B |
| ) | |
| BRENDA BETHEL-MUHAMMAD, et al.,) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion to show abuse of process. (Doc. 87). Defendant Experian Credit Reporting Agency ("Experian") has filed a response, (Doc. 102), and the motion is ripe for resolution.

Experian filed a motion to dismiss on March 20, 2012, along with a brief and proposed order. (Doc. 64). The plaintiff asserts he did not receive this mailing. (Doc. 87 at 1). Experian's purported failure to serve him is the basis of his request for unspecified sanctions.

"A paper is served under this rule by … mailing it to the person's last known address – in which event service is complete upon mailing …." Fed. R. Civ. P. 5(b)(2)(C). "The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee." *Konst v. Florida East Coast Railway Co.*, 71 F.3d 850, 851 (11th Cir. 1996). The presumption arises "upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." *Id*. The rule applies to service under Rule 5(b). *In re: Farris*, 365 Fed. Appx. 198, 199-200 (11th Cir. 2010).

Because the pro se plaintiff does not participate in the CM/ECF system, Experian mailed him a copy of the motion and related papers on or about March 20, 2012. The certificate of service appended to the motion reflects that a copy was mailed by first class

mail, "postage prepaid and properly addressed," to the plaintiff at the precise address which he uses in communicating with the Court. (Doc. 64 at 2). Experian confirms these facts by affidavit. (Doc. 102, Williams Affidavit at 1). This is sufficient to raise the presumption, shifting to the plaintiff the burden of rebutting it.

The plaintiff, however, offers no evidence. He says he did not receive the mailing, but he offers no affidavit or other satisfactory evidence to support his ipse dixit. *See Farris*, 365 Fed. Appx. at 200 (court properly rejected a challenge to service when the recipient offered "only [his] denial that he received notice").

Even were there a question whether the plaintiff was properly served initially, there is absolutely no question that he was properly served subsequently. When the plaintiff notified Experian on March 29 that he had not received the mailing containing the motion to dismiss, Experian re-sent the package, this time by certified mail, return receipt requested. (Doc. 102, Young Affidavit at 2). The green card proves that the plaintiff signed for this package on April 4. (Doc. 102, Williams Affidavit, Exhibit A). The plaintiff filed a response to the motion to dismiss on April 30, (Doc. 96), so he had more than ample opportunity to respond to the motion, has been fully heard thereon, and has not been damaged in the slightest.

For the reasons set forth above, the plaintiff's motion to show abuse of process is **denied**.[1]

DONE and ORDERED this 21st day of May, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff's "motion to re-issue call for sanctions of [sic] Experian's alleged violation of due process," (Doc. 100), to the extent it seeks a ruling on the motion to show abuse of process, is **denied as moot**. To the extent it seeks any other relief, it is **denied**.

[2]