IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KALIM A.R. MUHAMMAD, etc., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 11-0690-WS-B ) |
| BRENDA BETHEL-MUHAMMAD, et al., | ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's three motions for judgment on the pleadings. (Docs. 150-52).

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Two of the defendants made the subject of the plaintiff's motions have not filed answers. As the Court has previously advised the plaintiff, (Doc. 124), the pleadings are not "closed" until an answer is filed, such that a motion for judgment on the pleadings filed before the defendant has filed an answer is premature and must be denied on that basis. *E.g., Doe v. United States*, 419 F.3d 1058, 1061-62 (9th Cir. 2005). Because defendants Bethel and Armstrong have not filed answers, the plaintiff's motion for judgment on the pleadings as to these defendants, (Docs. 151, 152), are **denied**.

The third defendant has filed an answer, (Doc. 114), so as to him the plaintiff's motion is not premature. "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. District Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010) (internal quotes omitted). "It is axiomatic … that for purposes of the court's consideration of the Rule 12(c) motion, all of the well pleaded factual allegations in the adversary's pleadings are assumed to be

true and all contravening assertions in the movant's pleadings are taken to be false." 5C Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1368 at 230 (3rd ed. 2004). Thus, "[u]pon such a motion [for judgment on the pleadings,] denials and allegations of the answer which are well pleaded must be taken as true." *Beal v. Missouri Pacific Railroad Corp.*, 312 U.S. 45, 51 (1941); *accord United States v. $41,580.00 in U.S. Currency*, 253 Fed. Appx. 880, 882-83 (11th Cir. 2007).

Defendant Russell's answer denies virtually every allegation of the amended complaint.[1] For purposes of the plaintiff's motion, then, Russell's denials must be taken as true and the plaintiff's corresponding assertions in the amended complaint taken as false. On this state of affairs, the plaintiff cannot possibly be entitled to judgment on the pleadings.[2] The plaintiff's motion, (Doc. 150), is thus **denied**.

DONE and ORDERED this 2nd day of January, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The answer consists primarily of outright denials, but even where the answer asserts an inability to admit or deny, such a statement "has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

[2] The plaintiff's impression that Russell was legally required to back up his answer with record evidence proving his position is simply wrong.