IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KALIM A.R. MUHAMMAD, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0690-WS-B |
| | ) |
| BRENDA BETHEL-MUHAMMAD, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for sanctions. (Doc. 149). The motion, which is directed at defendants Bethel and Russell, fails for multiple reasons.

First, the plaintiff brings the motion pursuant to Rule 11(c)(2) but without first complying with that rule's requirement that he serve his adversary with a motion for sanctions and that he not file the motion unless the adversary fails to withdraw or otherwise correct the offending material within 21 days of service. Fed. R. Civ. P. 11(c)(2).  Failure to give the required 21-day notice "forecloses Rule 11 sanctions." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 786 (11th Cir. 2006).[1]

Second, Rule 11(c)(2) permits a motion for sanctions only to address violations of the deemed representations of an attorney (or unrepresented party), under Rule 11(b), concerning the propriety and validity of legal and factual contentions or denials and the filer's purpose.  As to defendant Bethel, the plaintiff complains only of her failure to file an answer.  (Doc. 149 at 3).  This does not remotely implicate Rule 11.

---

[1] *Accord In re: Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3rd Cir. 2008); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 679 (4th Cir. 2005); *In re: Pratt*, 524 F.3d 580, 588 (5th Cir. 2008); *Winterrowd v. American General Annuity Insurance Co.*, 556 F.3d 815, 826 (9th Cir. 2009); *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006).

Third, as to defendant Russell, the plaintiff complains that his answer was filed for a "dilatory" purpose in that the pleading uses the commonplace expression, "your defendant." (Doc. 149 at 3). This is nonsense.

Fourth, the plaintiff apparently seeks sanctions because Bethel and Russell have not proved that he is unentitled to prevail on his claims. (Doc. 149 at 4). No defendant has the burden to "prove" anything at the pleading stage, and the failure to do so is not sanctionable.

Fifth, the plaintiff urges the Court to impose sanctions under Rule 37. (Doc. 149 at 5). No discovery has occurred, and the plaintiff's motion identifies no conceivable breach of discovery rules.

Although his motion is not so styled, the plaintiff seeks dismissal under Rule 41(b) and (c). That rule allows for the dismissal of claims, counterclaims and crossclaims, and neither Bethel nor Russell has brought any such claims. The rule patently does not apply.

Finally, the plaintiff proposes entry of default judgment under Rule 55. (Doc. 149 at 5-6). Since Russell has filed an answer, (Doc. 114), he is not in default and is not subject to default judgment. Bethel, however, has filed no answer, even though Rule 12(a)(4)(A) requires the filing of an answer within 14 days after notice of the Court's denial of her motion to dismiss, which occurred months ago. (Doc. 104).

For the reasons set forth above, the plaintiff's motion for sanctions is **denied**. Defendant Bethel is **ordered** to show cause, on or before **January 18, 2013**, why default should not be entered against her. Defendant Armstrong, who also has filed no answer, is **ordered** to show cause, on or before **January 18, 2013**, why default should not be entered against him.

DONE and ORDERED this 2nd day of January, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE