# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| KALIM A.R. MUHAMMAD, etc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 11-0690-WS-B |
| | ) | |
| BRENDA BETHEL-MUHAMMAD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on a motion for summary judgment filed by defendants Dallas County Department of Human Resources ("Dallas DHR") and Alabama Department of Human Resources ("State DHR") (collectively, "the DHR defendants"). (Doc. 202).[1] The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 203-04, 225, 229, 232, 235), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion for summary judgment is due to be granted.

## BACKGROUND

This is the pro se plaintiff's second lawsuit covering essentially the same subject matter.[2] The defendants are: (1) Brenda Bethel-Muhammad ("Bethel"); (2) Lajenna Hatcher; (3) Dallas DHR; (4) State DHR; (5) Judge Robert Armstrong; (6) Paul Vaughan Russell; (7) Equifax Credit Reporting Agency

---

[1] The embedded motion for summary judgment by defendant LaJenna Hatcher, a DHR employee, is addressed in a separate order.

[2] The first was dismissed without prejudice due to the plaintiff's prolonged failure to present a comprehensible complaint compliant with basic pleading requirements, a ruling upheld on appeal. (Docs. 20, 35 and attachments). *Muhammad v. Bethel*, Civil Action No.10-0086-WS-B ("*Muhammad I*").

("Equifax"); and (8) Experian Credit Reporting Agency ("Experian"). In general, the amended complaint, (Doc. 37), alleges that the plaintiff (an African-American follower of the Islamic faith) and Bethel entered an agreement purporting to require that any disputes regarding their minor daughter be resolved by a religious tribunal. Bethel, represented by Russell, nevertheless filed custody and child support actions in state court, presided over by Judge Armstrong. Hatcher, a DHR employee, assisted Bethel. Experian and Equifax (collectively, "the Credit defendants") disseminated negative information from the DHR defendants and/or the court file.

The counts, and the defendants under each, are as follows:

| | | |
|---|---|---|
| 1 | Section 1981 and First Amendment | Bethel, Russell, Hatcher |
| 2 | Fourteenth Amendment Due Process | All |
| 3 | Fourth Amendment Right to Privacy | All non-Credit defendants |
| 4 | Fifth Amendment Due Process/ Federal Arbitration Act ("FAA") | All non-Credit defendants |
| 5 | 42 U.S.C. § 2000a-2 | All non-Credit defendants |
| 6 | 18 U.S.C. § 241 | All |
| 7 | 18 U.S.C. § 242 | All non-Credit defendants |
| 8 | 42 U.S.C. § 2000bb-1 | All non-Credit defendants |
| 9 | 42 U.S.C. § 1985(2), (3) | All individual defendants |
| 10 | 18 U.S.C. § 1341 | All |
| 11 | 42 U.S.C. § 1986 | All but State, Dallas DHR |
| 12 | Article 1, Section 10, 14th Amendment | All non-Credit defendants |
| 13 | 18 U.S.C. § 1512(c)(1), (2) | All |
| 14 | 42 U.S.C. § 2000a | All non-Credit defendants |
| 15 | 40 U.S.C. § 122 | Armstrong |
| 16 | 42 U.S.C. § 1994 | Armstrong |
| 17 | 42 U.S.C. §§ 1985(2), (3), 1986, | All but Russell, Armstrong |

|    |                                                      |                          |
|----|------------------------------------------------------|--------------------------|
|    | 5 U.S.C. § 556(d)                                    |                          |
| 18 | Ninth Amendment, 42 U.S.C. § 2000d                   | All non-Credit defendants |
| 19 | Fifth Amendment, Fourteenth Amendment, 42 U.S.C. §§ 1982, 1983 | All            |
| 20 | Article 1, Section 10, 18 U.S.C. § 1001              | All                      |
| 21 | 18 U.S.C. §§ 1512(d), 1514, 42 U.S.C. §§ 1985(3), 1986 | All                    |
| 22 | Ala. Code § 12-16-217, 42 U.S.C. §§ 1983, 1985, 1986 | All non-Credit defendants |
| 23 | Canon 1, Canons of Judicial Ethics                   | All non-Credit defendants |
| 24 | Canon 2, Canons of Judicial Ethics                   | All non-Credit defendants |
| 25 | Fair Credit Reporting Act ("FCRA")                   | All                      |

The DHR defendants are thus defendants under all counts except Counts One, Nine, Eleven, Fifteen and Sixteen. The DHR defendants previously pursued a motion to dismiss, (Doc. 39), which the Court granted in part. (Doc. 107).[3] The Court dismissed Counts Two, Three and Twelve on the grounds of Eleventh Amendment immunity. (*Id*. at 21).[4] The Court also dismissed portions of Counts Four, Eighteen, Nineteen, Twenty and Twenty-Two on the same basis. (*Id*.). The DHR defendants now seek summary judgment as to all remaining counts.

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial

---

[3] *Muhammad v. Bethel-Muhammad*, 2012 WL 1854676 (S.D. Ala. 2012).

[4] The Court's order also lists Count Twenty-Three as being dismissed on this basis, (Doc. 107 at 21), but this is in error.

3

burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id.*; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a

party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[5] Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.

**I. Eleventh Amendment.**

The Court was unable to grant dismissal pursuant to Eleventh Amendment immunity as to the balance of the amended complaint because the DHR defendants did not address abrogation beyond the Section 1983 context. (Doc. 107 at 6). They do so now, but only with respect to Sections 1982, 1985 and 1986. (Doc. 203 at 18-19, 23).

"We find no express congressional abrogation of the state's Eleventh Amendment immunity with respect to 42 U.S.C. § 1985 actions." *Fincher v. State of Florida Department of Labor and Employment Security*, 798 F.2d 1371, 1372 (11th Cir. 1986); *accord Stegeman v. Georgia*, 290 Fed. Appx. 320, 323 n.3 (11th Cir. 2008) ("Congress has not abrogated sovereign immunity from claims … brought under §§ 1983 and 1985."). These binding cases are dispositive, and the

---

[5] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").

DHR defendants are entitled to summary judgment as to any Section 1985 claims embedded in Counts Seventeen, Twenty-One and Twenty-Two.

The same is true under Section 1986. *Alyshah v. Georgia*, 239 Fed. Appx. 473, 474 (11th Cir. 2007) ("Congress [has not] abrogated the state's Eleventh Amendment immunity" under Section 1986); *accord Williams v. Bennett*, 689 F.2d 1370, 1374, 1376 (11th Cir. 1982) (where the plaintiff sued under Section 1986, suit was barred by the Eleventh Amendment); *Cerrato v. San Francisco Community College District*, 26 F.3d 968, 975 (9th Cir. 1994) (similar). To the extent the plaintiff asserts in Counts Seventeen, Twenty-One and Twenty-Two violations of Section 1986, his claims are barred by sovereign immunity, and the DHR defendants are entitled to summary judgment.

"Section 1982 contains no clearer an expression of intent to abrogate the states' Eleventh Amendment immunity [than Section 1983] and therefore … the Court must conclude that Section 1982 does not abrogate the states' sovereign immunity." *Powers v. CSX Transportation, Inc.*, 105 F. Supp. 2d 1295, 1303-04 (S.D. Ala. 2000); *accord Tariq-Shuaib v. City of Camden*, 2011 WL 383857 at *3 (D.N.J. 2011); *Shaughnessy v. Hawai'i*, 2010 WL 2573355 at *5 (D. Haw. 2010); *Friends of Eudora Public School District v. Beebe*, 2008 WL 828360 at *3 (E.D. Ark. 2008); *Ross v. State of Alabama*, 893 F. Supp. 1545, 1551 (M.D. Ala. 1995). The plaintiff offers no response. Based on these authorities, the Court concludes that Section 1982 does not abrogate the states' Eleventh Amendment immunity. Accordingly, the DHR defendants are entitled to summary judgment as to the only remaining portion of Count Nineteen.

## II. Criminal Statutes.

Counts Six, Seven, Ten and Thirteen are based exclusively on alleged violations of criminal statutes. Counts Twenty and Twenty-One are based in part on alleged violations of criminal statutes. The DHR defendants argue that no civil remedy exists for the violation of these criminal provisions. (Doc. 203 at 15-17).

The Court has already addressed this issue in its order disposing of the Credit defendants' motion to dismiss. (Doc. 105).[6] "We have been quite reluctant to infer a private right of action from a criminal prohibition alone …." *Central Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 190 (1994). While theoretically not impossible, "[c]riminal statutes generally do not provide a private cause of action." *Chen ex rel. V.D. v. Lester*, 364 Fed. Appx. 531, 536 (11th Cir. 2010).

Count Six invokes 18 U.S.C. § 241. Section 241 does not provide a private cause of action. *Chen*, 364 Fed. Appx. at 536.[7] Count Seven invokes 18 U.S.C. § 242. Section 242 does not provide a private cause of action. *Milakovich v. USCIS-Orlando*, 500 Fed. Appx. 873, 876 (11th Cir. 2012).[8] Count Ten invokes 18 U.S.C. § 1341. Section 1341 does not provide a private cause of action. *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977).[9] Count Thirteen invokes 18 U.S.C. § 1512(c)(1) and (2). Section 1512 does not provide a private cause of action. *E.g., Rowland v. Prudential Financial, Inc.*, 362 Fed. Appx. 596, 596-97

---

[6] *Muhammad v. Bethel-Muhammad*, 2012 WL 1854315 (S.D. Ala. 2012).

[7] *Accord Paletti v. Yellow Jacket Marina, Inc.*, 395 Fed. Appx. 549, 552 n.3 (11th Cir. 2010); *Rodi v. Ventetuolo*, 941 F.2d 22, 29 n.8 (1st Cir. 1991); *Storm-Eggink v. Gottfried*, 409 Fed. Appx. 426, 427 (2nd Cir. 2011); *Watson v. Washington Township of Gloucester County Public School District*, 413 Fed. Appx. 466, 468 (3rd Cir. 2011); *Rorer v. City of Norfolk*, 2000 WL 868189 at *1 n.* (4th Cir. 2000); *Gill v. State of Texas*, 153 Fed. Appx. 261, 262 (5th Cir. 2005); *Franklin v. Henderson*, 15 Fed. Appx. 205, 207 (6th Cir. 2001)*; Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987); *McCray v. Holder*, 391 Fed. Appx. 887, 888 (D.C. Cir. 2010).

[8] *Accord Hanna v. Home Insurance Co.*, 281 F.2d 298, 303 (5th Cir. 1960); *Thibeaux v. United States Attorney General*, 275 Fed. Appx. 889, 893 (11th Cir. 2008).

[9] *Accord Kashelkar v. Bluestone*, 306 Fed. Appx. 690, 692 (2nd Cir. 2009); *Jones v. TD Bank*, 2012 WL 834252 at *1 (3rd Cir. 2012); *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997); *Kathrein v. McGrath*, 166 Fed. Appx. 858, 863 (7th Cir. 2006); *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408-09 (8th Cir. 1999); *Ross v. Orange County Bar Association*, 369 Fed. Appx. 868, 869 (9th Cir. 2010).

(9th Cir. 2010).[10] Count Twenty invokes 18 U.S.C. § 1001. Section 1001 does not provide a private cause of action. *E.g., Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).[11] Count Twenty-One invokes 18 U.S.C. §§ 1512(d) and 1514. As noted, Section 1512 does not provide a private cause of action. Section 1514 merely allows the attorney for the government to seek a temporary restraining order ("TRO") prohibiting harassment of a victim or witness in a federal criminal proceeding. There is no criminal proceeding here and no request by a government lawyer for a TRO. There is thus no possibility for relief under this statute.

In summary, the DHR defendants are entitled to summary judgment with respect to Counts Six, Seven, Ten and Thirteen. They are also entitled to summary judgment with respect to the only remaining parts of Counts Twenty and Twenty-One.

**III. Federal Arbitration Act.**

The point of the plaintiff's invocation of the FAA is unclear. The heading of Count Four reads, "Violation of 5th Amendment Right to Private Property & Due Process in Conjunction Fed Arbitration Act." (Doc. 37 at 15). This suggests that Count Four alleges that an interference with the contract between the plaintiff

---

[10] *Accord Lundeen v. Ridge*, 2011 WL 5920899 at *2 (S.D. Ohio 2011); *Roberts v. Choate Construction Co.*, 2011 WL 5006469 at *2 (M.D. Fla. 2011); *Bender v. City of New York*, 2011 WL 4344203 at *2 (S.D.N.Y. 2011); *Parton v. Smoky Mountain Knife Works, Inc.*, 2011 WL 4036959 at *12 (E.D. Tenn. 2011); *Ghost Bear v. South Dakota Department of Corrections*, 2011 WL 3608569 at *2 (D.S.D. 2011); *Davis v. Shinseki*, 2011 WL 382364 at *7 n.10 (M.D. Ala. 2011); *Winston v. Pavlock*, 2011 WL 2731785 at *4 (W.D. Pa. 2011); *Searcy v. Locke*, 2010 WL 3522967 at *11 (E.D. Va. 2010); *Stoyanov v. Winter*, 643 F. Supp. 2d 4, 10 (D.D.C. 2009); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538-39 (D. Del. 2009).

[11] *Accord Slewion v. Venema*, 418 Fed. Appx. 127, 128 (3rd Cir. 2011); *Federal Savings and Loan Insurance Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987); *Stevens v. Jefferson*, 421 Fed. Appx. 639, 640 (7th Cir. 2011); *Willems v. Apartment Investment and Management Co.*, 72 Fed. Appx. 700, 700 (9th Cir. 2000); *Fuller v. Unknown Officials*, 387 Fed. Appx. 3, 3 (D.C. Cir. 2010).

and Bethel violated the plaintiff's constitutional rights. If that is all Count Five alleges, no cause of action remains, since the DHR defendants have Eleventh Amendment immunity to any constitutional claim. (Doc. 107 at 6).

The DHR defendants generously assume that Count Five also includes a stand-alone claim under the FAA. (Doc. 203 at 14-15). That statute allows suit to compel arbitration "under a written agreement for arbitration." 9 U.S.C. § 4. The existence of such a written agreement is an essential element of a claim under Section 4.[12] As Judge Armstrong points out, (Doc. 209 at 14), the plaintiff has steadfastly refused to produce his agreement with Bethel.[13] As Judge Armstrong correctly observes, without producing the agreement the plaintiff cannot carry his burden of proving that a written arbitration agreement exists. Because the plaintiff refuses to produce evidence of this essential element of his assumed claim under the FAA, that claim necessarily fails as a matter of law.[14] The DHR defendants are entitled to summary judgment with respect to any remaining portion of Count Four.

**IV. Sections 2000a and 2000a-2.**

Count Five purports to invoke 42 U.S.C. § 2000(a)(2). (Doc. 37 at 16). There is no such section in the United States Code. However, Title 42 does contain a Section 2000a-2, which Count Five quotes in full. This is clearly the provision at issue. Similarly, Count Fourteen invokes 42 U.S.C. § 2000(a) (which does not exist) but clearly intends Section 2000a.

---

[12] *E.g., Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 n.6 (4th Cir. 2012); *Zurich American Insurance Co. v. Watts Industries, Inc.*, 417 F.3d 682, 690 (7th Cir. 2005).

[13] (Doc. 37 at 11; Doc. 218 at 4; Doc. 219 at 6-7; Doc. 227 at 4).

[14] The plaintiff insists that most or all of the defendants saw a copy of the agreement during the underlying litigation. Perhaps they did, but that is not the point. Without submitting the document for inspection by the Court, the plaintiff cannot prove that the document constitutes a "written arbitration agreement" for purposes of the FAA.

Section 2000a prohibits certain forms of discrimination at "any place of public accommodation as defined in this section." 42 U.S.C. § 2000a(a). The DHR defendants, as well as Judge Armstrong, point out that the only public place identified by the amended complaint is the Dallas County Courthouse. (Doc. 203 at 15; Doc. 209 at 15-16). The plaintiff has yet to identify any other. Thus, the plaintiff can have a claim under Section 2000a only if the courthouse is a "place of public accommodation."

Only the following sorts of establishments are defined as public accommodations for purposes of Section 2000a: (1) those that "provid[e] lodging"; (2) those that are "principally engaged in selling food for consumption on the premises"; (3) those that are "place[s] of exhibition or entertainment"; and (4) those that are physically connected to such establishments and that hold themselves out as serving patrons of such establishments. *Id*. § 2000a(b). Courthouses are not mentioned in the statute, nor do they fall anywhere near the categories that are listed. In short, "courts are not within the purview of § 2000a." *Olague v. County of Sacramento*, 2012 WL 3638320 at *6 (E.D. Cal. 2012). Because the Dallas County Courthouse is a not a "place of public accommodation" under Section 2000a, the plaintiff has no claim under that provision.

Section 2000a-2 prohibits interference with, or punishment for, exercising rights under Section 2000a. Because the plaintiff has no rights under Section 2000a with respect to the Dallas County Courthouse, his derivative claim under Section 2000a-2 fails as well. *E.g., Levy v. Trent Motel Associates*, 2011 WL 3803647 at *5 (E.D. Pa. 2011) ("[G]iven the Court's determination that plaintiff has failed to state a claim under § 2000a, the Court concludes that plaintiff likewise has failed to state a claim under § 2000a-2."); *accord Bradley v. Blue Chip Casino*, 2009 WL 3199154 at *2 (N.D. Ind. 2009); *O'Diah v. Real Estate Store*, 1993 WL 326660 at *1 (N.D. Ill. 1993).

In summary, the DHR defendants are entitled to summary judgment with respect to Counts Five and Fourteen.

## V. Section 2000bb-1.

The Religious Freedom Restoration Act ("RFRA") provides that "[g]overnment shall not substantially burden a person's exercise of religion" unless "it demonstrates that application of the burden to the person … is in furtherance of a compelling governmental interest … and … is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(a), (b). As initially enacted, the term "government" was defined to include state governments. *City of Boerne v. Flores*, 521 U.S. 507, 515-16 (1997). Now, however, "government" for purposes of RFRA is limited to "a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States, or a covered entity," with covered entities limited to the District of Columbia, Puerto Rico, and territories and possessions of the United States. 42 U.S.C. § 2000bb-2(1), (2). As the plaintiff insists, (Doc. 37 at 2), the DHR defendants are agencies of the state of Alabama, not of the United States. The plaintiff therefore has no possible claim against them under RFRA.

In summary, the DHR defendants are entitled to summary judgment with respect to Count Eight.

## VI. Administrative Procedures Act.

Count Seventeen is styled, "Harrassment [sic] U.S.C. 1985(2)(3) and 1986 and/or in Conjunction with Title 5 U.S.C., Sec. 556(d). (Jurisdictional Questions)." (Doc. 37 at 25). As discussed in Part I, the plaintiff's claims against these defendants under Sections 1985 and 1986 are barred by the Eleventh Amendment. To the uncertain extent the plaintiff asserts a claim under Section 556(d), federal procedures for administrative rule-making and decision-making are not in the slightest bit implicated by the plaintiff's allegations, and the DHR defendants are entitled to summary judgment as to this last remnant of Count Seventeen.

**VII. Title VI.**

"No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000(d). The DHR defendants admit that their child support enforcement program is a federally funded program. (Doc. 203 at 22). However, they point out the plaintiff's failure to allege in the amended complaint that their conduct as to him was based on race, color or national origin, as well as his failure to produce evidence of such an animus. (*Id*. at 10).

The only reference to race in the amended complaint is the following: "This initial contact [by the DHR defendants, in 2009] is **still affecting** us as a Family because the State Agent has subjected us to a type of scrutiny that has taken us from first being parent(s) who have 'supposedly sexually abused' their child(ren) to parent(s) who seem to be 'too lazy to work' to take care of their children, which also has a **racial discriminatory** tinge to it." (Doc. 37 at 8 (emphasis in original)). In view of this allegation, the Court cannot agree that the amended complaint fails to allege race discrimination by the DHR defendants.

"To establish a violation of either Title VI or § 1981, a plaintiff must show that a challenged action was the result of intentional discrimination on the part of the defendant." *Sirpal v. University of Miami*, 509 Fed. Appx. 924, 926 (11th Cir. 2013). "The plaintiff may use direct evidence or, in the absence of direct evidence, circumstantial evidence that satisfies the *McDonnell Douglas* burden-shifting framework." *Id*.; *accord Camellia Therapeutic Foster Agency, LLC v. Riley*, 290 Fed. Appx. 266, 268 (11th Cir. 2008). The plaintiff points to no direct evidence that DHR acted with a racially discriminatory motive.[15] He therefore

---

[15] "[O]nly the most blatant remarks whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of

must proceed under the burden-shifting framework applicable to cases based on circumstantial evidence.

The first step in the *McDonnell Douglas* analysis is the establishment of a prima facie case of racial discrimination. *E.g., Sirpal*, 509 Fed. Appx. at 928. If the plaintiff does not meet this burden, his claim fails as a matter of law. *E.g., Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 (11th Cir. 2011).

The elements of a prima facie case vary, but they ordinarily include a showing that specific, similarly situated persons of another race ("comparators") were treated more favorably than the plaintiff. *E.g., Ramirez v. Secretary, United States Department of Transportation*, 686 F.3d 1239, 1244 (11th Cir. 2012). The plaintiff identifies no similarly-situated comparator and thus cannot establish a prima facie case under this model.

It is true that the Eleventh Circuit has "repeatedly emphasized that the requisite showings that make up a prima facie case are not meant to be rigid or inflexible." *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1268 (11th Cir. 1999). But the plaintiff fails to make a proper showing of a prima facie case even under this more relaxed standard. While in his lengthy filings the plaintiff occasionally speculates that various defendants have acted with a discriminatory motive,[16] at no point does he quote, cite or identify any actual, record evidence to support his suspicion, much less explain how such evidence supports his accusation.

Because the plaintiff has not met his threshold burden of establishing a prima facie case of race discrimination, the DHR defendants are entitled to summary judgment with respect to this last remaining portion of Count Eighteen.

---

discrimination." *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012). The plaintiff offers no such statements or, indeed, any racially charged statements at all.

[16] Such as, "[w]e believe the fact [sic] show it is simply that we were 'outsiders' – Moslems, who were also Negroes and just because we were poor and unrepresented – they simply took advantage of us." (Doc. 225 at 6). Or this: "The hands and minds of the racist government regime who are at the moment guiding these programs see fit that they are not orchestrated as Congress intended, but they are managed to be directed to the ends of these bigots who seek to preserve their racist agenda." (Doc. 228 at 27).

## VIII. Section 12-16-217.

Count Twenty-Two alleges that the DHR defendants violated Section 12-16-217 of the Alabama Code. (Doc. 37 at 26-27). That provision prohibits only the obstructing of grand jury witnesses or the coercion of false (or withheld true) testimony before a grand jury. As the DHR defendants point out, (Doc. 203 at 24), this case does not remotely implicate grand jury witnesses or testimony. The DHR defendants are entitled to summary judgment with respect to this last remaining portion of Count Twenty-Two.

## IX. Canons of Judicial Ethics.

The canons "govern the conduct of members of the judiciary." Preamble, Alabama Canons of Judicial Ethics. Both Canon 1 and Canon 2 by their terms prescribe only the conduct of "a judge." The DHR defendants are not members of the Alabama judiciary, and the Canons do not apply to them. Accordingly, the DHR defendants are entitled to summary judgment with respect to Counts Twenty-Three and Twenty-Four.

## X. Fair Credit Reporting Act.

Count Twenty-Five alleges a violation of 15 U.S.C. § 1681s-2. In particular, it alleges that the plaintiff complained to the DHR defendants that they were reporting to various consumer reporting agencies false statements of money owed by him, that he asked them to re-investigate, and that he never received a proper hearing on his request. (Doc. 37 at 28).

FCRA requires a furnisher of information to consumer reporting agencies to investigate such a dispute. 15 U.S.C. § 1681s-2(a)(8)(E), (b)(1)(A). The DHR defendants have presented evidence that they conducted such an investigation and re-confirmed that the plaintiff was subject to a child support order, that he was in arrears, and that the amount of arrears was as reported. (Doc. 204, Exhibit 9).

The plaintiff has neither challenged this evidence, offered contrary evidence of his own, nor explained how his claim can survive the defendants' evidence. Accordingly, the DHR defendants are entitled to summary judgment with respect to Count Twenty-Five.

## CONCLUSION

For the reasons set forth above, the DHR defendants' motion for summary judgment is **granted**.

Counts Two, Three, Twelve and Nineteen, which assert violations of the Constitution, Section 1982, Section 1983, Section 1985 or Section 1986, are barred from suit in federal court (but not state court) by the Eleventh Amendment and thus are **dismissed without prejudice**.[17]

Likewise, those portions of Counts Four, Seventeen, Eighteen, and Twenty through Twenty-Two, to the extent based on these provisions, are barred by the Eleventh Amendment and are thus **dismissed without prejudice**.

All other claims against the DHR defendants are **dismissed with prejudice**.

Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 7th day of October, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[17] "Eleventh Amendment immunity protects the state and arms of the state from suit *only* in federal court." *Abusaid v. Hillsborough County Board of County Commissioners*, 405 F.3d 1298, 1306 n.5 (11th Cir. 2005) (emphasis in original); *accord Kimel v. State Board of Regents*, 139 F.3d 1426, 1429 n.4 (11th Cir. 1998).