IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KALIM A.R. MUHAMMAD, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0690-WS-B |
| | ) |
| BRENDA BETHEL-MUHAMMAD, et al., | ) |
| | ) |
|     Defendants. | ) |

ORDER

This matter is before the Court on a motion for summary judgment filed by defendant LaJenna Hatcher. (Doc. 202).[1] The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 203-04, 228, 229, 233, 235), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion for summary judgment is due to be granted.

BACKGROUND

This is the pro se plaintiff's second lawsuit covering essentially the same subject matter.[2] The defendants are: (1) Brenda Bethel-Muhammad ("Bethel"); (2) Hatcher; (3) Dallas DHR; (4) State DHR; (5) Judge Robert Armstrong; (6) Paul Vaughan Russell; (7) Equifax Credit Reporting Agency ("Equifax"); and (8) Experian Credit Reporting Agency ("Experian"). In general, the amended

---

[1] The embedded motion for summary judgment by defendants Dallas County Department of Human Resources ("Dallas DHR") and Alabama Department of Human Resources ("State DHR") (collectively, "the DHR defendants"), is addressed in a separate order.

[2] The first was dismissed without prejudice due to the plaintiff's prolonged failure to present a comprehensible complaint compliant with basic pleading requirements, a ruling upheld on appeal. (Docs. 20, 35 and attachments). *Muhammad v. Bethel*, Civil Action No.10-0086-WS-B ("*Muhammad I*").

complaint, (Doc. 37), alleges that the plaintiff and Bethel entered an agreement purporting to require that any disputes regarding their minor daughter be resolved by a religious tribunal.  Bethel, represented by Russell, nevertheless filed custody and child support actions in state court, presided over by Judge Armstrong. Hatcher, a DHR employee, assisted Bethel.  Experian and Equifax (collectively, "the Credit defendants") disseminated negative information from the DHR defendants and/or the court file.

The counts, and the defendants under each, are as follows:

| | | |
|---|---|---|
| 1 | Section 1981 and First Amendment | Bethel, Russell, Hatcher |
| 2 | Fourteenth Amendment Due Process | All |
| 3 | Fourth Amendment Right to Privacy | All non-Credit defendants |
| 4 | Fifth Amendment Due Process/ Federal Arbitration Act | All non-Credit defendants |
| 5 | 42 U.S.C. § 2000a-2 | All non-Credit defendants |
| 6 | 18 U.S.C. § 241 | All |
| 7 | 18 U.S.C. § 242 | All non-Credit defendants |
| 8 | 42 U.S.C. § 2000bb-1 | All non-Credit defendants |
| 9 | 42 U.S.C. § 1985(2), (3) | All individual defendants |
| 10 | 18 U.S.C. § 1341 | All |
| 11 | 42 U.S.C. § 1986 | All but State, Dallas DHR |
| 12 | Article 1, Section 10, 14th Amendment | All non-Credit defendants |
| 13 | 18 U.S.C. § 1512(c)(1), (2) | All |
| 14 | 42 U.S.C. § 2000a | All non-Credit defendants |
| 15 | 40 U.S.C. § 122 | Armstrong |
| 16 | 42 U.S.C. § 1994 | Armstrong |
| 17 | 42 U.S.C. §§ 1985(2), (3), 1986, 5 U.S.C. § 556(d) | All but Russell, Armstrong |
| 18 | Ninth Amendment, 42 U.S.C. § 2000d | All non-Credit defendants |

| | | |
|---|---|---|
| 19 | Fifth Amendment, Fourteenth Amendment, 42 U.S.C. §§ 1982, 1983 | All |
| 20 | Article 1, Section 10, 18 U.S.C. § 1001 | All |
| 21 | 18 U.S.C. §§ 1512(d), 1514, 42 U.S.C. §§ 1985(3), 1986 | All |
| 22 | Ala. Code § 12-16-217, 42 U.S.C. §§ 1983, 1985, 1986 | All non-Credit defendants |
| 23 | Canon 1, Canons of Judicial Ethics | All non-Credit defendants |
| 24 | Canon 2, Canons of Judicial Ethics | All non-Credit defendants |
| 25 | Fair Credit Reporting Act | All |

Hatcher is thus a defendant under all counts except Counts Fifteen and Sixteen. Hatcher previously pursued a motion to dismiss, (Doc. 39), which the Court granted in part. (Doc. 107).[3] The Court dismissed Counts Two, Three and Twelve, to the extent Hatcher is sued for damages in her official capacity, on the grounds of Eleventh Amendment immunity. (*Id*. at 21).[4] The Court also dismissed portions of Counts Four, Eighteen, Nineteen, Twenty and Twenty-Two on the same basis. (*Id*.). Hatcher then filed a second motion to dismiss, (Doc. 115), which the Court granted in part. (Doc. 140). On the basis of qualified immunity, the Court dismissed all federal claims asserted against Hatcher in her individual capacity to the extent based on her alleged involvement in child support matters. (*Id*. at 13). Hatcher now seeks summary judgment as to all remaining claims.

---

[3] *Muhammad v. Bethel-Muhammad*, 2012 WL 1854676 (S.D. Ala. 2012).

[4] The Court's order also lists Count Twenty-Three as being dismissed on this basis, (Doc. 107 at 21), but this is in error.

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*.

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*,

477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[5] Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.

**I. Custody Matters.**

As set forth in a previous order, the allegations of the amended complaint as to Hatcher concern her alleged involvement in child support and custody matters. (Doc. 140 at 7-8). Hatcher has received qualified immunity with respect to her alleged involvement in child support matters. Accordingly, any liability of Hatcher in her individual capacity on the federal claims asserted against her must rest on her alleged involvement in custody matters.

Hatcher has produced her affidavit testimony that she had no connection with custody matters but only child support matters. (Doc. 204, Exhibit 1 at 3). The plaintiff has identified no evidence to the contrary. It is therefore uncontroverted that Hatcher was not involved in the custody matters.

---

[5] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").

Accordingly, Hatcher is entitled to summary judgment with respect to all federal claims to the extent based on her alleged involvement in custody matters.

## II.  Particular Federal Claims.

The plaintiff's failure of proof as to Hatcher's involvement in custody matters, combined with her qualified immunity as to child support matters, completely forecloses Hatcher's liability on any and all asserted federal claims. As to many of the federal claims, Hatcher is entitled to summary judgment on other grounds as well.  For the reasons set forth in Parts II, III, IV, V, VI, VII and X of the Court's order on the DHR defendants' motion for summary judgment, Hatcher is entitled to summary judgment as to Counts Five, Six, Seven, Eight, Ten, Thirteen, Fourteen and Twenty-Five and is entitled to summary judgment as to those portions of Counts Four, Seventeen, Eighteen, Twenty and Twenty-One addressed therein.

## III.  State Claims.

Qualified immunity is not applicable to state claims,[6] and Hatcher invokes no analogue under state law.  However, as set forth in Parts VIII and IX of the Court's order resolving the DHR defendants' motion for summary judgment, the plaintiff's state claims are legally bankrupt.  Accordingly, Hatcher is entitled to summary judgment with respect to Counts Twenty-Three and Twenty-Four, as well as that portion of Count Twenty-Two that invokes Alabama Code § 12-16-217.

---

[6] *Heggs v. Grant*, 73 F.3d 317, 319 n.5 (11th Cir. 1996); *D'Aguanno v. Gallagher*, 50 F.3d 877, 879 (11th Cir. 1995).

**IV. Official Capacity.**

Hatcher is sued in her official capacity as well as in her individual capacity. (Doc. 37 at 2). The plaintiff does not seek injunctive relief from Hatcher in her official capacity but only damages. (*Id*. at 29).[7]

As to each of the claims and portions of claims addressed in Parts I, II and III, Hatcher is entitled to summary judgment in her official capacity, since the plaintiff is unable to prove a claim against her. As to these claims and portions thereof, the plaintiff cannot recover damages from Hatcher in her official capacity.

As to the remaining claims and portions of claims, Hatcher is entitled to summary judgment in her individual capacity on the basis of qualified immunity. Qualified immunity does not protect Hatcher from liability in her official capacity. *E.g., Bruce v. Beary*, 498 F.3d 1232, 1249 n.33 (11th Cir. 2007). However, "[u]nder the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994); *accord Odebrecht Construction, Inc. v. Secretary, Florida Department of Transportation*, 715 F.3d 1268, 1289 (11th Cir. 2013). As set forth in the Court's orders resolving the DHR defendants' motion to dismiss and motion for summary judgment, all of the plaintiffs' constitutional claims, and all claims under Sections 1982, 1983, 1985 and 1986 are barred by the Eleventh Amendment. To the extent Hatcher is sued in her official capacity, that constitutional protection extends to her as well.[8]

The only claim remaining for consideration is Count One, which alleges that Hatcher violated Section 1981. (Doc. 37 at 11). Under Count One, however, the plaintiff explicitly sues Hatcher only "in her personal capacity," (*id*.), so she

---

[7] As the Court has previously explained, (Doc. 106 at 10 n.13), injunctive relief is sought only from "the state," and the amended complaint limits "the state" to the DHR defendants to the exclusion of Hatcher.

[8] The Section 1986 claim alleged in Count Eleven is asserted against Hatcher only "in her 'personal' capacity." (Doc. 37 at 21). There can thus be no official capacity liability under Count Eleven.

cannot be liable in her official capacity. Moreover, Eleventh Amendment immunity applies to Section 1981 claims. *See Jallali v. Florida*, 404 Fed. Appx. 455, 456 (11th Cir. 2010); *Alyshah v. Georgia*, 239 Fed. Appx. 473, 473-74 (11th Cir. 2007).[9]

## CONCLUSION

For the reasons set forth above, Hatcher's motion for summary judgment is **granted**.

All claims against Hatcher in her individual capacity are **dismissed with prejudice**.

All claims against Hatcher in her official capacity under Counts One, Five through Eight, Ten, Eleven, Thirteen, Fourteen, and Twenty-Three through Twenty-Five are **dismissed with prejudice**.

All claims against Hatcher in her official capacity under Counts Four, Seventeen, Eighteen and Twenty through Twenty-Two asserting violations of the FAA, 42 U.S.C. § 2000(d), 5 U.S.C. § 556(d), 18 U.S.C. §§ 1001, 1512(d) and 1514, or Ala. Code § 12-16-217, are **dismissed with prejudice**.

All other claims against Hatcher in her official capacity, which assert violations of the Constitution, Section 1982, Section 1983, Section 1985 or Section 1986, are barred from suit in federal court (but not state court) by the Eleventh Amendment and thus are **dismissed without prejudice**.[10]

Judgment shall be entered accordingly by separate order.

---

[9] *Accord McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012); *Braunstein v. Arizona Department of Transportation*, 683 F.3d 1177, 1188 (9th Cir. 2012); *Bakhtiari v. Lutz*, 507 F.3d 1132, 1138 (8th Cir. 2007); *Keri v. Board of Trustees*, 458 F.3d 620, 641 (7th Cir. 2006); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998).

[10] "Eleventh Amendment immunity protects the state and arms of the state from suit *only* in federal court." *Abusaid v. Hillsborough County Board of County Commissioners*, 405 F.3d 1298, 1306 n.5 (11th Cir. 2005) (emphasis in original); *accord Kimel v. State Board of Regents*, 139 F.3d 1426, 1429 n.4 (11th Cir. 1998).

DONE and ORDERED this 7th day of October, 2013.

                                s/ WILLIAM H. STEELE  
                                CHIEF UNITED STATES DISTRICT JUDGE