# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| KALIM A.R. MUHAMMAD, etc., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 11-0690-WS-B |
| BRENDA BETHEL-MUHAMMAD, et al., | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on a motion for summary judgment filed by defendant Paul Vaughan Russell. (Doc. 207). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 207, 226, 229), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion for summary judgment is due to be granted.

## BACKGROUND

This is the pro se plaintiff's second lawsuit covering essentially the same subject matter.[1] The defendants are: (1) Brenda Bethel-Muhammad ("Bethel"); (2) LaJenna Hatcher; (3) Dallas County Department of Human Resources ("Dallas DHR"); (4) Alabama Department of Human Resources ("State DHR");[2] (5) Judge Robert Armstrong; (6) Paul Vaughan Russell; (7) Equifax Credit Reporting Agency ("Equifax"); and (8) Experian Credit Reporting Agency ("Experian"). In general, the amended complaint,

---

[1] The first was dismissed without prejudice due to the plaintiff's prolonged failure to present a comprehensible complaint compliant with basic pleading requirements, a ruling upheld on appeal. (Docs. 20, 35 and attachments). *Muhammad v. Bethel*, Civil Action No.10-0086-WS-B ("*Muhammad I*").

[2] The State and Dallas County DHR are referred to herein collectively as the "DHR defendants."

(Doc. 37), alleges that the plaintiff and Bethel entered an agreement purporting to require that any disputes regarding their minor daughter be resolved by a religious tribunal. Bethel, represented by Russell, nevertheless filed custody and child support actions in state court, presided over by Judge Armstrong. Hatcher, a DHR employee, assisted Bethel. Experian and Equifax (collectively, "the Credit defendants") disseminated negative information from the DHR defendants and/or the court file.

The counts, and the defendants under each, are as follows:

| | | |
|---|---|---|
| 1 | Section 1981 and First Amendment | Bethel, Russell, Hatcher |
| 2 | Fourteenth Amendment Due Process | All |
| 3 | Fourth Amendment Right to Privacy | All non-Credit defendants |
| 4 | Fifth Amendment Due Process/ Federal Arbitration Act | All non-Credit defendants |
| 5 | 42 U.S.C. § 2000a-2 | All non-Credit defendants |
| 6 | 18 U.S.C. § 241 | All |
| 7 | 18 U.S.C. § 242 | All non-Credit defendants |
| 8 | 42 U.S.C. § 2000bb-1 | All non-Credit defendants |
| 9 | 42 U.S.C. § 1985(2), (3) | All individual defendants |
| 10 | 18 U.S.C. § 1341 | All |
| 11 | 42 U.S.C. § 1986 | All but State, Dallas DHR |
| 12 | Article 1, Section 10, 14th Amendment | All non-Credit defendants |
| 13 | 18 U.S.C. § 1512(c)(1), (2) | All |
| 14 | 42 U.S.C. § 2000a | All non-Credit defendants |
| 15 | 40 U.S.C. § 122 | Armstrong |
| 16 | 42 U.S.C. § 1994 | Armstrong |
| 17 | 42 U.S.C. §§ 1985(2), (3), 1986, 5 U.S.C. § 556(d) | All but Russell, Armstrong |
| 18 | Ninth Amendment, 42 U.S.C. § 2000d | All non-Credit defendants |

| | | |
|---|---|---|
| 19 | Fifth Amendment, Fourteenth Amendment, 42 U.S.C. §§ 1982, 1983 | All |
| 20 | Article 1, Section 10, 18 U.S.C. § 1001 | All |
| 21 | 18 U.S.C. §§ 1512(d), 1514, 42 U.S.C. §§ 1985(3), 1986 | All |
| 22 | Ala. Code § 12-16-217, 42 U.S.C. §§ 1983, 1985, 1986 | All non-Credit defendants |
| 23 | Canon 1, Canons of Judicial Ethics | All non-Credit defendants |
| 24 | Canon 2, Canons of Judicial Ethics | All non-Credit defendants |
| 25 | Fair Credit Reporting Act ("FCRA") | All |

Russell is thus a defendant under all counts except Counts Fifteen, Sixteen and Seventeen. Russell previously pursued a motion to dismiss, (Doc. 46), which the Court denied. (Doc. 107).[3] He now seeks summary judgment as to all 22 counts asserted against him.

**DISCUSSION**

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*.

---

[3] *Muhammad v. Bethel-Muhammad*, 2012 WL 1854676 (S.D. Ala. 2012).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[4] Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.[5]

## I. Claims Resolved on Other Motions for Summary Judgment.

For the reasons set forth in Parts II, III, IV, V, VIII and IX of the Court's order on the DHR defendants' motion for summary judgment, Russell is entitled to summary judgment as to Counts Five, Six, Seven, Eight, Ten, Thirteen, Fourteen, Twenty-Three and Twenty-Four and is entitled to summary judgment as to those portions of Counts Four, Twenty, Twenty-One and Twenty-Two addressed therein.

## II. Constitutional Claims.

As the Court has previously noted, (Doc. 107 at 6), all of the plaintiff's constitutional claims are brought through the vehicle of Section 1983. That provision is in play only when a plaintiff's constitutional or statutory rights are deprived by one acting "under color of state law." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotes omitted). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id*. (internal quotes omitted).

It is uncontroverted that Russell is a privately practicing lawyer who was privately retained to represent Bethel, a private citizen. (Doc. 207, Exhibit B). Such counsel are not state actors for purposes of Section 1983. *E.g., Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) ("Use of the courts by private parties [a client and his lawyer] does not constitute an act under color of state law."); *accord Huls v. Llabona*, 437 Fed. Appx.

---

[4] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").

[5] For this reason, Russell's request that the Court consider the plaintiff's answers to interrogatories in the course of summary judgment, (Doc. 244), construed as a motion, is **denied**.

830, 832 (11th Cir. 2011); *Johnson v. Wilbur*, 375 Fed. Appx. 960, 964 (11th Cir. 2010); *Wilson v. Bush*, 196 Fed. Appx. 796, 798 (11th Cir. 2006); *cf. Polk County v. Dodson*, 454 U.S. 312, 315 (1981) (same rule for public defenders).

It is possible for a private party to be deemed a state actor if the state has compelled his conduct; if his function is one traditionally performed exclusively by the state; or if the state has insinuated itself into a position of interdependence with him to such an extent as to be a joint participant. *Focus on the Family*, 344 F.3d at 1277. The plaintiff, however, has asserted none of these things, much less shown them to exist.

There is one other possibility. "A county probate judge clearly is a state actor; so, if properly alleged, the private parties conspiring with the judge were acting under color of state law …." *Harvey*, 949 F.2d at 1133 (internal quotes omitted). The plaintiff invokes this principle, (Doc. 226 at 6), and the amended complaint alleges that Russell's involvement in a conspiracy is demonstrated by two ex parte conversations with Judge Armstrong. (Doc. 37 at 6-7). However, the only evidence actually presented to the Court on the pending motions is that no ex parte conversations occurred. (Doc. 209, Exhibit A at 2; Doc. 229 at 25).

Because the plaintiff has shown no basis on which Russell could be found to be a state actor, all of the plaintiff's claims brought under Section 1983 – which means at least all of his constitutional claims – fail as a matter of law. Russell is entitled to summary judgment with respect to Counts Two, Three and Twelve. He is also entitled to summary judgment with respect to the only remaining portions of Counts Four and Twenty. Finally, Russell is entitled to summary judgment with respect to those portions of Counts One, Eighteen, Nineteen and Twenty-Two that assert constitutional claims or invoke Section 1983.

**III. Section 1985.**

"The core of a conspiracy claim is an agreement between the parties …." *Mickens v. Tenth Judicial Circuit*, 181 Fed. Appx. 865, 876 (11th Cir. 2006). Thus, the plaintiff

6

"must show … an agreement between two or more people (at least one of whom is a state actor) to violate his constitutional rights ….." *AFL-CIO v. City of Miami*, 637 F.3d 1178, 1191 (11th Cir. 2011). As noted in Part II, the plaintiff depends on Russell's alleged ex parte conversations with Judge Armstrong to establish Russell's agreement, but it is uncontroverted that no such conversations took place.

In addition, "as long as an attorney's conduct falls within the scope of the representation of his client, such conduct is immune from an allegation of a § 1985 conspiracy." *Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003). The plaintiff has identified no conduct by Russell falling outside the scope of his representation of Bethel.

For both these reasons, the plaintiff's Section 1985 claims against Russell fail as a matter of law. Russell is entitled to summary judgment with respect to Count Nine and with respect to those portions of Counts Twenty-One and Twenty-Two that invoke Section 1985.

**IV. Section 1986.**

A claim under Section 1986 requires the plaintiff to prove that the defendant knew of a Section 1985 conspiracy, that he had the power to prevent (or aid in preventing) the constitutional violation made the object of the conspiracy, and that he failed to do so. 42 U.S.C. § 1986; *accord Cox v. Mills*, 465 Fed. Appx. 885, 888 (11th Cir. 2012). The plaintiff has identified no evidence that Russell knew of a Section 1985 conspiracy involving Judge Armstrong and/or the DHR defendants and that he had the power to stop the conspiracy from succeeding.

For that matter, the plaintiff has identified no evidence that an underlying Section 1985 conspiracy existed. As noted in Part III, the plaintiff must show an agreement to violate his constitutional rights. While the plaintiff is full of conspiracy theories, he has yet to point to evidence that could support an inference that an agreement to violate his rights existed. Since claims under Section 1986 are "derivative" of Section 1985 claims,

the failure to establish a conspiracy for purposes of a Section 1985 claim dooms the derivative Section 1986 claim. *E.g., Cox*, 465 Fed. Appx. at 888.

For both these reasons, the plaintiff's Section 1986 claims against Russell fail as a matter of law. Russell is entitled to summary judgment with respect to Count Eleven and with respect to the sole remaining portions of Counts Twenty-One and Twenty-Two.

## V. Race Discrimination Claims.

Section 1981 addresses only intentional discrimination on the basis of race. *E.g., Lopez v. Target Corp.*, 676 F.3d 1230, 1233 (11th Cir. 2012). Likewise, Section 1982 addresses "discrimination based on race." *Gomez-Perez v. Potter*, 553 U.S. 474, 479 (2008). Finally, Title VI is limited to discrimination "on the ground of race, color, or national origin." 42 U.S.C. § 2000(d).

The amended complaint, however, does not accuse Russell of a racial motivation. While his briefs are full of racial invective, the plaintiff identifies no actual evidence that Russell acted based on racial animus.[6] The Court incorporates its discussion in Part VII of its order disposing of the DHR defendants' motion for summary judgment concerning the standard and method of proof of racial animus. For want of such evidence, the plaintiff's claims under Section 1981, Section 1982 and Title VI fail as a matter of law. Russell is entitled to summary judgment with respect to the last remaining portions of Counts One, Eighteen and Nineteen.

## VI. Fair Credit Reporting Act.

The plaintiff invokes Section 1681s-2, (Doc. 37 at 28), which generally requires a furnisher of information to consumer reporting agencies to investigate a consumer's challenge to the accuracy of the information transmitted. 15 U.S.C. § 1681s-2(a)(8)(E), (b)(1)(A). The amended complaint, however, does not allege that Russell is a furnisher of information to consumer reporting agencies, and the plaintiff has identified no

---

[6] The mere fact that Russell is white and the plaintiff is black (as is Bethel, Russell's client), is not evidence of racial animus.

8

evidence that Russell was such a furnisher.  Without such evidence, his claim under FCRA fails as a matter of law.  Russell is entitled to summary judgment with respect to Count Twenty-Five.

## CONCLUSION

For the reasons set forth above, Russell's motion for summary judgment is **granted**.  All claims against Russell are **dismissed with prejudice**.  Judgment shall be entered accordingly by separate order.[7]

DONE and ORDERED this 7th day of October, 2013.

                                         s/ WILLIAM H. STEELE
                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[7] Russell's request for an award of attorney's fees, (Doc. 207 at 17-18), construed as a motion, is **denied**.  He cites no authority for such an award in this case, much less authority for the proposition that a lawyer representing himself (as is Russell) may be awarded such fees.  *See, e.g., Massengale v. Ray*, 267 F.3d 1298, 1302-03 (11th Cir. 2001) (pro se litigant may not be awarded attorney's fees under Rule 11); *Ray v. United States Department of Justice*, 87 F.3d 1250, 1251-52 (11th Cir. 1996) (pro se lawyer may not be awarded attorney's fees under the Freedom of Information Act); *see also Kay v. Ehrler*, 499 U.S. 432, 436 (1991) (pro se lawyer may not be awarded attorney's fees under Section 1988; "it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988.").