IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

KALIM A.R. MUHAMMAD, etc.,       )
                                 )
            Plaintiff,            )
                                 )
v.                               )   CIVIL ACTION 11-0690-WS-B
                                 )
BRENDA BETHEL-MUHAMMAD, et al.,)
                                 )
            Defendants.           )

## ORDER

Of the eight defendants in this action, two have been dismissed on motion to dismiss and five have been dismissed on motion for summary judgment.  Only Brenda Bethel-Muhammad ("Bethel") remains.  After reviewing the motions for summary judgment, it appeared to the Court that Bethel likely would be entitled to summary judgment as well and for similar reasons.  Accordingly, and pursuant to Rule 56(f), the Court notified the plaintiff that it would consider granting summary judgment in favor of Bethel sua sponte and provided the plaintiff two weeks to submit any brief and/or evidentiary materials in opposition to such relief.  (Doc. 240).

No sooner had that order issued than Bethel filed a notice advising that she had received a discharge in bankruptcy, which discharge included the plaintiff's claim against her.  (Doc. 241).  Accordingly, the Court ordered the plaintiff to show cause why his action as to Bethel should not be dismissed on this basis. (Doc. 242).

The plaintiff has filed an untitled document in response to these orders. (Doc. 253).[1]  His filing is unaccompanied by exhibits, but the Court is aware that he filed a number of exhibits in opposition to the motions for summary judgment filed by five defendants.  (Doc. 229).  Now ripe for resolution is the Court's sua sponte determination whether Bethel should receive dismissal and/or summary judgment.  After careful consideration, the Court concludes that Bethel is entitled to dismissal with prejudice of all claims asserted against her.

## BACKGROUND

This is the pro se plaintiff's second lawsuit covering essentially the same subject matter.[2]  The defendants are:  (1) Bethel; (2) LaJenna Hatcher; (3) Dallas County Department of Human Resources ("Dallas DHR"); (4) Alabama Department of Human Resources ("State DHR");[3] (5) Judge Robert Armstrong; (6) Paul Vaughan Russell; (7) Equifax Credit Reporting Agency ("Equifax"); and (8) Experian Credit Reporting Agency ("Experian").  In general, the amended complaint, (Doc. 37), alleges that the plaintiff and Bethel entered an agreement purporting to require that any disputes regarding their minor daughter be resolved by a religious tribunal.  Bethel, represented by Russell, nevertheless filed custody and child support actions in state court, presided over by Judge Armstrong. Hatcher, a DHR employee, assisted Bethel.  Experian and Equifax (collectively,

---

[1] The plaintiff also has filed a "notice to the Honorable Court of possible misunderstanding," (Doc. 254), which apologizes for any offense given by his erroneous denials that Bethel had filed Document 241.  No offense was taken.

[2] The first was dismissed without prejudice due to the plaintiff's prolonged failure to present a comprehensible complaint compliant with basic pleading requirements, a ruling upheld on appeal.  (Docs. 20, 35 and attachments).  *Muhammad v. Bethel*, Civil Action No.10-0086-WS-B ("*Muhammad I*").

[3] The State and Dallas County DHR are referred to herein collectively as the "DHR defendants."

"the Credit defendants") disseminated negative information from the DHR defendants and/or the court file.

The counts, and the defendants under each, are as follows:

| | | |
|---|---|---|
| 1 | Section 1981 and First Amendment | Bethel, Russell, Hatcher |
| 2 | Fourteenth Amendment Due Process | All |
| 3 | Fourth Amendment Right to Privacy | All non-Credit defendants |
| 4 | Fifth Amendment Due Process/ Federal Arbitration Act | All non-Credit defendants |
| 5 | 42 U.S.C. § 2000a-2 | All non-Credit defendants |
| 6 | 18 U.S.C. § 241 | All |
| 7 | 18 U.S.C. § 242 | All non-Credit defendants |
| 8 | 42 U.S.C. § 2000bb-1 | All non-Credit defendants |
| 9 | 42 U.S.C. § 1985(2), (3) | All individual defendants |
| 10 | 18 U.S.C. § 1341 | All |
| 11 | 42 U.S.C. § 1986 | All but State, Dallas DHR |
| 12 | Article 1, Section 10, 14th Amendment | All non-Credit defendants |
| 13 | 18 U.S.C. § 1512(c)(1), (2) | All |
| 14 | 42 U.S.C. § 2000a | All non-Credit defendants |
| 15 | 40 U.S.C. § 122 | Armstrong |
| 16 | 42 U.S.C. § 1994 | Armstrong |
| 17 | 42 U.S.C. §§ 1985(2), (3), 1986, 5 U.S.C. § 556(d) | All but Russell, Armstrong |
| 18 | Ninth Amendment, 42 U.S.C. § 2000d | All non-Credit defendants |
| 19 | Fifth Amendment, Fourteenth Amendment, 42 U.S.C. §§ 1982, 1983 | All |
| 20 | Article 1, Section 10, 18 U.S.C. § 1001 | All |
| 21 | 18 U.S.C. §§ 1512(d), 1514, 42 U.S.C. §§ 1985(3), 1986 | All |

| 22 | Ala. Code § 12-16-217, | All non-Credit defendants |
| | 42 U.S.C. §§ 1983, 1985, 1986 | |
| 23 | Canon 1, Canons of Judicial Ethics | All non-Credit defendants |
| 24 | Canon 2, Canons of Judicial Ethics | All non-Credit defendants |
| 25 | Fair Credit Reporting Act ("FCRA") | All |

Bethel is thus a defendant under all counts except Counts Fifteen and Sixteen.

## DISCUSSION

The Court considers first Bethel's discharge in bankruptcy, then turns to her entitlement vel non to summary judgment.

## I. Discharge in Bankruptcy.

Bethel filed a bankruptcy petition in March 2013.[4]  In May, she filed an amended Schedule F adding the plaintiff as an unsecured creditor based on this lawsuit and providing as his address the same address he has consistently used in this litigation.  On June 17, 2013, the Bankruptcy Court entered the following order:

> It appearing that the debtor is entitled to a discharge,
> IT IS ORDERED:
> The debtor is granted a discharge under section 727 of title 11,
> United States Code, (the Bankruptcy Code).

"A discharge in a case under this title ... voids any judgment … to the extent such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 … of this title, whether or not discharge of such debt is waived …."  11 U.S.C. § 524(a)(1).  Moreover, "[a] discharge under this title … operates as an injunction against the commencement

---

[4] Relevant portions of the bankruptcy file are attached to this order.

or continuation of an action … to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived …." *Id*. § 524(a)(2).  The plaintiff's suit against Bethel plainly falls within this provision.  While there are certain exceptions to discharge, *see id*. § 523, the plaintiff invokes none of them, and it is plain that none applies.[5]

The plaintiff argues that the Court should strike Bethel's notice of discharge due to "the herein prejudices and those to be inferred, discovered and announced in later briefs or on appeal."  (Doc. 253 at 25).  These prejudices are difficult to discern in the plaintiff's rambling, unfocused brief, but they appear to center on his belief that Bethel has not properly placed her discharge in issue.  Formerly, discharge in bankruptcy was an affirmative defense, required to be asserted or waived, but the 2010 amendments to the Federal Rules of Civil Procedure deleted it from the list of affirmative defenses.  Fed. R. Civ. P. 8(c)(1).  Thus, Bethel was not required to file an amended answer asserting discharge in bankruptcy.  Even if she were so required, the Court would construe her notice as a motion for leave to amend her answer and would grant such motion under Rules 15(a)(2) and 16(b).[6]

Because the plaintiff's claims against Bethel have been discharged in bankruptcy, they are due to be dismissed with prejudice.

---

[5] The plaintiff complains that Bethel did not "serve" him the "complaint or summons" in the bankruptcy case.  (Doc. 253 at 18, 27).  There is no complaint and summons in a bankruptcy case, and the debtor does not serve her petition on creditors.  The debtor is responsible for listing her creditors and providing their addresses; the bankruptcy clerk's office is responsible for giving the listed creditors notice.  *See* Bankruptcy Rules 1007, 2002(a).  The plaintiff does not assert that he failed to receive such notice.  Nor does he provide evidence that he received no notice.

[6] Amendments to the pleadings were required by February 22, 2013.  (Doc. 167 at 2).  Good cause is required to modify this deadline.  Fed. R. Civ. P. 16(b)(4).  Because Bethel did not obtain her discharge until long after February 2013, she could not have asserted discharge by that date, and that impossibility furnishes good cause for her later invocation of discharge.

**II. Summary Judgment.**

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).  There is no burden on the Court to identify unreferenced evidence supporting a party's position.[7]  Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the plaintiff has expressly cited.

**A.  Claims Resolved on Other Motions for Summary Judgment.**

For the reasons set forth in Parts II, III, IV, V, VIII and IX of the Court's order on the DHR defendants' motion for summary judgment, (Doc. 247), Bethel is entitled to summary judgment as to Counts Five, Six, Seven, Eight, Ten, Thirteen, Fourteen, Twenty-Three and Twenty-Four and is entitled to summary judgment as to those portions of Counts Four, Seventeen, Twenty, Twenty-One and Twenty-Two addressed therein.

**B.  Constitutional Claims.**

As discussed in Part II of the Court's order on Russell's motion for summary judgment, (Doc. 249), all of the plaintiff's constitutional claims are brought through the vehicle of Section 1983 and thus require conduct under color of state law.  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus*

---

[7] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").

*on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotes omitted).

The amended complaint asserts that Bethel "is a private citizen," (Doc. 37 at 2), and she is sued for her conduct in connection with the custody and child support matters. "Use of the courts by private parties [a client and his lawyer] does not constitute an act under color of state law." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).

It is possible for a private party to be deemed a state actor if the state has compelled her conduct; if her function is one traditionally performed exclusively by the state; or if the state has insinuated itself into a position of interdependence with her to such an extent as to be a joint participant. *Focus on the Family*, 344 F.3d at 1277. The plaintiff, however, has asserted none of these things, much less shown them to exist.

There is one other possibility. "[A]n otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984). The amended complaint alleges that Bethel conspired with Hatcher and with Judge Armstrong, (Doc. 37 at 6-7, 8, 17), and both are state officials for purposes of this analysis. The plaintiff, however, has identified no evidence that Bethel in fact conspired with Hatcher or Judge Armstrong.

With respect to Hatcher, the amended complaint alleges that Bethel and Hatcher "are close cousins and that was the initial base of the conspiracy." (Doc. 37 at 17). The mere fact of familial relationship would of course be irrelevant to the existence of a conspiracy to violate the plaintiff's constitutional rights, but in any event the only evidence before the Court is that Bethel and Hatcher are not related. (Doc. 235, Hatcher Affidavit at 2). The amended complaint also alleges that Hatcher and Bethel agreed to attack the plaintiff by pursuing child support against him despite his agreement with Bethel to keep such matters out of the civil courts. (Doc. 37 at 8). But it is uncontroverted that Hatcher's very job is to

participate in child support proceedings as a witness and in helping the parents fill out income affidavits, (Doc. 235, Hatcher Affidavit at 2), so her doing so in this case is not evidence that she reached an agreement with Bethel to violate the plaintiff's constitutional rights.

With respect to Judge Armstrong, the amended complaint relies on Bethel's attorney-client relationship to Russell and on Russell's alleged ex parte conversations with Judge Armstrong.  (Doc. 37 at 6-7).  As noted in the order granting Russell summary judgment, the only evidence presented to the Court is that no ex parte conversations occurred.  (Doc. 209, Exhibit A at 2; Doc. 229 at 25).   Thus, even if Bethel had agreed with Russell to violate the plaintiff's constitutional rights (and there is no evidence that she did so), Russell is as much a private actor as is Bethel, and without evidence that Russell conspired with Judge Armstrong, Bethel cannot be part of a conspiracy with him.

Because the plaintiff has shown no basis on which Bethel could be found to be a state actor, all of the plaintiff's claims brought under Section 1983 – which means at least all of her constitutional claims – fail as a matter of law.  Bethel is entitled to summary judgment with respect to Counts Two, Three and Twelve. She is also entitled to summary judgment with respect to the only remaining portions of Counts Four and Twenty.  Finally, Bethel is entitled to summary judgment with respect to those portions of Counts One, Eighteen, Nineteen and Twenty-Two that assert constitutional claims or invoke Section 1983.

### C.  Section 1985.

"The core of a conspiracy claim is an agreement between the parties …." *Mickens v. Tenth Judicial Circuit*, 181 Fed. Appx. 865, 876 (11th Cir. 2006). Thus, the plaintiff "must show … an agreement between two or more people (at least one of whom is a state actor) to violate his constitutional rights …."  *AFL-CIO v. City of Miami*, 637 F.3d 1178, 1191 (11th Cir. 2011).  As noted in Part II.B, the plaintiff has no evidence that Bethel reached such an agreement with a state

actor.  Thus, the plaintiff's Section 1985 claims against Bethel fail as a matter of law.  Bethel is entitled to summary judgment with respect to Count Nine and with respect to those portions of Counts Seventeen, Twenty-One and Twenty-Two that invoke Section 1985.

### D.  Section 1986.

A claim under Section 1986 requires the plaintiff to prove that the defendant knew of a Section 1985 conspiracy, that she had the power to prevent (or aid in preventing) the constitutional violation made the object of the conspiracy, and that she failed to do so.  42 U.S.C. § 1986; *accord Cox v. Mills*, 465 Fed. Appx. 885, 888 (11th Cir. 2012).  The plaintiff has identified no evidence that Bethel knew of a Section 1985 conspiracy involving Judge Armstrong, Hatcher and/or the DHR defendants and that she had the power to stop the conspiracy from succeeding.

For that matter, the plaintiff has identified no evidence that an underlying Section 1985 conspiracy existed.  As noted in Part II.C, the plaintiff must show an agreement to violate his constitutional rights.  While the plaintiff is full of conspiracy theories, he has yet to point to evidence that could support an inference that an agreement to violate his rights existed.  Since claims under Section 1986 are "derivative" of Section 1985 claims, the failure to establish a conspiracy for purposes of a Section 1985 claim dooms the derivative Section 1986 claim.  *E.g., Cox*, 465 Fed. Appx. at 888.

For both these reasons, the plaintiff's Section 1986 claims against Bethel fail as a matter of law. Bethel is entitled to summary judgment with respect to Count Eleven and with respect to the sole remaining portions of Counts Seventeen, Twenty-One and Twenty-Two.

### E.  Race Discrimination Claims.

Section 1981 addresses only intentional discrimination on the basis of race. *E.g., Lopez v. Target Corp.*, 676 F.3d 1230, 1233 (11th Cir. 2012).  Likewise, Section 1982 addresses "discrimination based on race."  *Gomez-Perez v. Potter*, 553 U.S. 474, 479 (2008).  Finally, Title VI is limited to discrimination "on the ground of race, color, or national origin."  42 U.S.C. § 2000(d).

The amended complaint, however, does not accuse Bethel of a racial motivation. While his briefs are full of racial invective, the plaintiff identifies no actual evidence that Bethel acted based on racial animus.[8]  The Court incorporates its discussion in Part VII of its order disposing of the DHR defendants' motion for summary judgment concerning the standard and method of proof of racial animus. For want of such evidence, the plaintiff's claims under Section 1981, Section 1982 and Title VI fail as a matter of law.  Bethel is entitled to summary judgment with respect to the last remaining portions of Counts One, Eighteen and Nineteen.


### F. Fair Credit Reporting Act.

The plaintiff invokes Section 1681s-2, (Doc. 37 at 28), which generally requires a furnisher of information to consumer reporting agencies to investigate a consumer's challenge to the accuracy of the information transmitted.  15 U.S.C. § 1681s-2(a)(8)(E), (b)(1)(A).  The amended complaint, however, does not allege that Bethel is a furnisher of information to consumer reporting agencies, and the plaintiff has identified no evidence that Bethel was such a furnisher.  Without such evidence, his claim under FCRA fails as a matter of law.  Bethel is entitled to summary judgment with respect to Count Twenty-Five.

---

[8] This would be a hard sell, given that Bethel and the plaintiff are both African-American.

### III.  Plaintiff's Motion for Summary Judgment.

Also pending is the plaintiff's motion for summary judgment or, in the alternative, for judgment as a matter of law.  (Doc. 211).[9]  The plaintiff asks that judgment be entered against Bethel due to her failure to prosecute and failure to comply with the Magistrate Judge's orders concerning discovery.

The plaintiff invokes Rule 41(b), but that rule addresses only dismissal of a plaintiff's case, not entry of judgment against a defendant.[10]  He also invokes Rule 37, which does apply to defendants.  For failing to serve answers to interrogatories, or for failing to obey an order to provide discovery, a defendant is subject to sanction, up to and including default judgment.  Fed. R. Civ. P. 37(b)(2)(A), 37(d)(1), (3).

In September 2013, the Magistrate Judge entered an order granting the plaintiff's motion to compel and ordering the plaintiff to respond to the plaintiff's interrogatories by September 27, 2013.  (Doc. 238 at 2).  The plaintiff's motion was filed in June 2013, and the plaintiff has filed nothing asserting that Bethel has failed to serve interrogatory responses following the Magistrate Judge's September order.  Without such an assertion, the plaintiff can obtain no relief.

Even had the plaintiff made this threshold showing, his motion would be denied.  While Rule 37 "gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders[,] this discretion is guided by judicial interpretation of the rule.  For example, a default judgment sanction requires a willful or bad faith failure to obey a discovery order."  *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).  "Violation of a discovery

---

[9] Because a motion for judgment as a matter of law is appropriate only after the introduction of evidence in a jury trial, Fed. R. Civ. P. 50(a), the Court construes the plaintiff's motion exclusively as one for summary judgment.

[10] Indeed, it is difficult to imagine how a defendant such as Bethel, who asserts no counterclaims, could fail to "prosecute."

order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." *Id.*

Where, then, is the plaintiff's showing of Bethel's bad faith or willfulness? As noted, she filed a bankruptcy petition in March 2013, and she was from that moment protected by the automatic stay of Section 362(a).  Once she received her discharge in June, she was protected by the injunction of Section 524(a).  The plaintiff has not attempted to show how, in light of these circumstances, Bethel's silence could be deemed willful or in bad faith.

Moreover, the interrogatories the plaintiff submitted to Bethel bear no relation to the issues in the case in general or to Bethel's entitlement to summary judgment in particular.  (Doc. 229 at 47-56).  It would be wildly inappropriate to enter default judgment against a defendant, who is entitled to summary judgment, merely for failing to respond to irrelevant questions.  *See Dunbar v. United States*, 502 F.2d 506, 509 n.2 (5th Cir. 1974) ("It is perhaps worthy of note that even though a given piece of information may be 'relevant' for purposes of Rule 26(b), the less relevant that information becomes, the less appropriate a Rule 37 sanction is, where there is a failure or refusal to produce the information.").

For the foregoing reasons, the Court exercises its broad discretion against the extreme sanction of default judgment.  The plaintiff's motion is **denied**.

## CONCLUSION

For the reasons set forth above, all claims against Bethel are **dismissed with prejudice**.  Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 17th day of October, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

B1 (Official Form 1) (12/11)

| UNITED STATES BANKRUPTCY COURT Southern District of Alabama | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): Bethel, Brenda Lee | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): 3538 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): 1208 Memorial Ave. Selma, ALa ZIP CODE 36703 | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: Dallas County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* ☐ Corporation (includes LLC and LLP) ☐ Partnership ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) ☐ Railroad ☐ Stockbroker ☐ Commodity Broker ☐ Clearing Bank ☐ Other | ☑ Chapter 7 ☐ Chapter 15 Petition for ☐ Chapter 9    Recognition of a Foreign ☐ Chapter 11   Main Proceeding ☐ Chapter 12 ☐ Chapter 15 Petition for ☐ Chapter 13   Recognition of a Foreign                Nonmain Proceeding |

| Chapter 15 Debtors Country of debtor's center of main interests: Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity (Check box, if applicable.) ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts (Check one box.) ☐ Debts are primarily consumer ☐ Debts are debts, defined in 11 U.S.C.   primarily § 101(8) as "incurred by an   business debts. individual primarily for a personal, family, or household purpose." |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☐ Full Filing Fee attached. ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. ☑ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box: ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). Check if: ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*). - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - Check all applicable boxes: ☐ A plan is being filed with this petition. ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | | |

| Estimated Number of Creditors | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☑ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000- 5,000 | ☐ 5,001- 10,000 | ☐ 10,001- 25,000 | ☐ 25,001- 50,000 | ☐ 50,001- 100,000 | ☐ Over 100,000 |

| Estimated Assets | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☑ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |

| Estimated Liabilities | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ☐ $0 to $50,000 | ☑ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |

B1 (Official Form 1) (12/11)                                                                                          Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):  **Bethel, Brenda Lee** | |
|---|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☐  Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)      (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

          _____
          (Name of landlord that obtained judgment)

          _____
          (Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11)

Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Bethel, Brenda Lee** |
|---|---|

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _Brenda Lee Bethel_<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br>   _1-334-505-2981_<br>   Telephone Number (if not represented by attorney)<br>   _3-11-13_<br>   Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>   (Printed Name of Foreign Representative)<br><br>   _____<br>   Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____<br>   Signature of Attorney for Debtor(s)<br><br>   Printed Name of Attorney for Debtor(s)<br><br>   Firm Name<br><br>   Address<br><br>   Telephone Number<br><br>   Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>   Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Authorized Individual<br><br>   Printed Name of Authorized Individual<br><br>   Title of Authorized Individual<br><br>   Date |    Address<br><br>X _____<br>   Signature<br><br>   Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA *illegible* 13  PM 1:29

Debtor(s): *Bunk Lee Bethel*                                     CASE NO. _13-00819_

## CUMULATIVE STATEMENT OF AMENDMENTS

Comes now the debtor(s) in the above-referenced case and pursuant to Bankruptcy Rule 1009
And Local Rule 1009-1 amends the schedules previously-filed as follows:

*Sche B - Review - personal savings, household good & furnishings*
*Clothing & Insurance policy mine, child support*
*Tax refund 2012, Daughter life Insurance policy,*
*personal property.*
*Statement of my income and source - 2011, 2012*
*Addition - Muhammad 1 - 2:11-cv-90-WS-B - pending (civil)*
*Checking Account # 2011*
*Addition - Muhammad to Amended Matrix,*
*Revaluation of personal assets, and liabities*
*Sche-C - Breakdown Daughter and mine Insurance Policy*
*clothing, personal property, savings income, & personal property.*

I/We declare under penalty of perjury that the information provided in this amendment is true and correct:

Dated this _14_ day of _____ _MAY_ _____, 20 _13_

*Bunk Lee Bethel*
_____
Debtor

_____
Joint Debtor

## CERTIFICATE OF SERVICE

I certify that I have this date served a true and correct copy of the above pleading electronically, or by placing it in
the United States Mail, postage prepaid, and properly addressed the United States Bankruptcy Administrator and
Trustee, as well as all effected creditors and or parties in the above referenced case.

Date _MAY 14, 2013_

*Bunk Lee Bethel*
_____
Debtor

_____
Joint Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

Debtor(s): *Bunk Lee Bethel*                    CASE NO. *13-00819*

### CUMULATIVE STATEMENT OF AMENDMENTS

Comes now the debtor(s) in the above-referenced case and pursuant to Bankruptcy Rule 1009
And Local Rule 1009-1 amends the schedules previously-filed as follows:

Continued: Sche F- Review of Creditors Owed and
          amounts.

Regions Bank Added

Kalim Muhammad added

In addition - account #Numbers + policy # added
to Schedule B

I/We declare under penalty of perjury that the information provided in this amendment is true and correct:

Dated this *14* day of _____*MAY*_____,20 *13*

                                        *Bunk Lee Bethel*
                                        _____
                                        Debtor

                                        _____
                                        Joint Debtor

### CERTIFICATE OF SERVICE

I certify that I have this date served a true and correct copy of the above pleading electronically, or by placing it in the United States Mail, postage prepaid, and properly addressed the United States Bankruptcy Administrator and Trustee, as well as all effected creditors and or parties in the above referenced case.

Date *MAY 14, 2013*

                                        *Bunk Lee Bethel*
                                        _____
                                        Debtor

                                        _____
                                        Joint Debtor

B 6F (Official Form 6F) (12/07) - Cont.

In re  Brenda Lee Bethel --AMENDED_____ ,          Case No.   13-00819_____
                 **Debtor**                                                                    **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 7005330000758 <br><br> Regions Bank <br> P.O. Box 681 <br> B'Ham, AL 35201 | | | May 23,2007 | | | | 27,242.01 |
| ACCOUNT NO. 00030-WS-B <br><br> Kalim Muhammad <br> 1043 County Rd. 306 <br> Selma, Ala. 36703 | | | Jan. 23, 2013 | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. __2__ of __2__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

|  | Subtotal➤ | $ 27,242.01 |
|---|---|---|
|  | Total➤ <br> (Use only on last page of the completed Schedule F.) <br> (Report also on Summary of Schedules and, if applicable on the Statistical <br> Summary of Certain Liabilities and Related Data.) | $ 103,992.94 |

B 7 (12/12)                                                                                                     3

None
☑     c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must
include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and
a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐     a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include
information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Muhammad 1 2:11-690-WS-B | Civil filing | Southern District of Alabama Court | Dropped Pending |

None
☑     b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

### 5. Repossessions, foreclosures and returns

None
☐     List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

B 7 (12/12)                                                                                                   11

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date    05/09/0201 _____   Signature of Debtor   *Brenda Lee Brothel*

Date    _____   Signature of Joint Debtor (if any)   _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date    _____   Signature   _____

                                    Print Name and Title   _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

___continuation sheets attached

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

---

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2)  I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

          N/A
_____           _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer        Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

          N/A
_____
Address
          N/A
_____           _____
Signature of Bankruptcy Petition Preparer               Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.*

AMENDED CREDIT MATRIX
RE: Brenda Bethel    Case Number 13-00819

UAB Hospital
Acct# 064220639-6073
619 19th St S.
Birmingham, AL 35249

Sunrise Credit Services
Attn: Collections Department
P.O. Box 9100
Farmingdale, NY 11735

McCormick and Russell
718 Alabama Ave.
Selma, Ala. 36701

Vonda K. Bonham
116 Mabry St.
Selma, Ala. 36701

Regions Bank
Acct #00700533000075885
101 Church St.
Selma, Ala. 36701

Kalim A. R.  Muhammad
1043 County Rd. 306
Selma, AL  36703

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA 13 JUN -3 PM 2: 36

Debtor(s): <u>Brenda Bethel</u>                    CASE NO.<u>13-00819</u>

**CUMULATIVE STATEMENT OF AMENDMENTS**

Comes now the debtor(s) in the above-referenced case and pursuant to Bankruptcy Rule 1009

And Local Rule 1009-1 amends the schedules previously-filed as follows:

1) Form B, VA pension added and 2011 and 2012 Employment income added.
2) Schedule B : daughters assets removed
3) Schedule C: exemption and exemption laws changed.
4) Schedule F: Dollar amount added for lawsuit, and attorney fees added.
5) Matrix: Lawsuit plaintiff added to Matrix

I declare under penalty of perjury that the information provided in this amendment is true and correct:

Dated this 21st day of <u>May</u>,   <u>2013.</u>

*Brenda Lee Bethel*
BB *May - 31 - 2013*          Debtor

**CERTIFICATE OF SERVICE**

I certify that I have this date served a true and correct copy of the above pleading electronically, or by placing it in the United States Mail, postage prepaid, and properly addressed the United States Bankruptcy Administrator and

Trustee, as well as all effected creditors and or parties in the above referenced case.

Date <u>May. 31, 2013</u>               *Brenda Lee Bethel*
                                        Debtor

B 6F (Official Form 6F) (12/07) - Cont.

In re   Brenda Lee Bethel --AMENDED                    ,          Case No.   13-00819
             **Debtor**                                                                      **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 7005330000758<br><br>Regions Bank<br>P.O. Box 681<br>B'Ham, AL 35201 | | | May 23, 2007<br>"Personal Loan" | | | | 27,242.01 |
| ACCOUNT NO. 00030-WS-B<br><br>Kalim Muhammad<br>1043 County Rd. 306<br>Selma, Ala. 36703 | | | Jan. 23, 2013<br>"Lawsuit" | | | | 1.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. _2_ of _2_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ 27,243.01

Total▶ $ 103,993.94
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

AMENDED CREDIT MATRIX
RE: Brenda Bethel    Case Number 13-00819

UAB Hospital
Acct# 064220639-6073
619 19th St S.
Birmingham, AL 35249

Sunrise Credit Services
Attn: Collections Department
P.O. Box 9100
Farmingdale, NY 11735

McCormick and Russell
718 Alabama Ave.
Selma, Ala. 36701

Vonda K. Bonham
116 Mabry St.
Selma, Ala. 36701

Regions Bank
Acct #00700533000075885
101 Church St.
Selma, Ala. 36701

Kalim A. R.  Muhammad
1043 County Rd. 306
Selma, AL  36703

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

## Southern District of Alabama
### Case No. 13–00819
### Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Brenda Lee Bethel
1208 Memorial Ave.
Selma, AL 36703

Social Security / Individual Taxpayer ID No.:
xxx–xx–3538

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 6/17/13

MARGARET A. MAHONEY
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
### IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**